IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| UMAR HASSAN BURLEY, *et al.*, | * | |
| Plaintiff, | * | |
| v. | | Civil Action No. 1:18-cv-01743-ELH |
| | * | |
| BALTIMORE CITY POLICE | | |
| DEPARTMENT, et al., | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DEFENDANT, WAYNE JENKINS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Wayne Jenkins, by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Rule 8, submits this Answer in response to Plaintiff's Complaint.

### Answer to Plaintiff's Amended Complaint and Demand for Jury Trial

### Introduction

1.    Plaintiffs' averment is hardly factual, but rather amounts to a self-serving commentary that does not necessitate a response.  However, to the extent any response is required, Defendant denies wrongdoing or liability.

2.    Plaintiffs' averment is hardly factual, but rather amounts to a self-serving commentary that does not necessitate a response.  However, to the extent any response is required, Defendant denies wrongdoing or liability.  Defendant admits that he was previously assigned to the GTTF.

3.    Denied.  Plaintiff's arrest was legitimate.

4.      Denied.

5.      Denied.

6.      Defendant neither admits nor denies factual allegations related to actions of non-party governmental entities.

7.      Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary that does not necessitate a response.   However, to the extent any response is required, Defendant denies wrongdoing or liability.

8.      Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary that does not necessitate a response.   However, to the extent any response is required, Defendant denies wrongdoing or liability.

9.      Plaintiff's averment is hardly factual, but rather amounts to a self-serving commentary that does not necessitate a response.   However, to the extent any response is required, Defendant denies wrongdoing or liability.

10.      Defendant neither admits nor denies factual allegations related to the actions of non-party governmental entities.

11.      Defendant neither admits nor denies factual allegations related to the actions of non-party governmental entities.

12.      Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, BPD.

13.      Defendant admits to the existence of this instant lawsuit.   Defendant otherwise denies wrongdoing or liability.

2

## Jurisdiction and Venue

14-16. Defendant admits that the U.S. District Court for the District of Maryland has subject-matter jurisdiction in this case, that venue is appropriate and that Plaintiff's Amended Complaint alleges constitutional violations.  Defendant otherwise denies wrongdoing or liability. and deny that any unlawful action took place.

17-18. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's averment regarding what administrative steps he took, or the actions of any non-party entity in response thereto.

## Parties

19.     Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff Burley's averment regarding his age and residency.

20.     Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff Matthews' averment regarding his age and residency.

21.     Defendant admits to the description of his employment.

22.     Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendants, Guinn and Gladstone. Defendant admits that he was assigned, at one point, to the GTTF.

23.     Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, Suiter.

24.     Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, Baltimore City Police Department (BPD).

25.     Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, BPD.

3

### "Factual Background"

26-27.  Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, BPD.

28-37.  Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendants BPD, Rayam, Taylor, and Gondo. Defendant admits that he was assigned, at one point, to the GTTF. Defendant otherwise denies any allegation of wrongdoing or liability.

38-40.  Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, BPD.

41.      Admitted.

42.       Defendant denies wrongdoing or liability.

43-47.  Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendants, Rayam and BPD.

48.      Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, BPD.

49-51.  Defendant neither admits nor denies factual allegations related to the actions of non-party governmental person(s).

52.      Defendant neither admits nor denies factual allegations related to the actions of non-party governmental person(s) or agencies.      Defendant otherwise denies wrongdoing or liability.

53.      Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendants, Gondo and Rayam.  Defendant admits that he was previously assigned to the GTTF, but otherwise denies wrongdoing or liability.

54-55. Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, Gondo.

56-61. Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendants, Gondo, Rayam and Allers.   Defendant otherwise denies wrongdoing or liability.

62-76. Defendant neither admits nor denies Plaintiff's allegations regarding a separately named defendant, BPD.

77-80. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding their personal activities.

81.     Denied.

82.     Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendant, Suiter.

83.     Defendant neither admits nor denies Plaintiff's allegations regarding unidentified Officers.

84.     Denied.

85.     Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding their subjective mindset.

86.     Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding their subjective mindset.

87.     Defendant admits that Plaintiffs fled once faced with the prospect of a lawful arrest.

88.     Defendant admits that Plaintiffs were the cause of a vehicular accident.

4850-3413-4145v1
5035840-101449 11/28/2018

89.     Defendant admits that Plaintiffs fled on foot to evade capture once faced with the prospect of a lawful arrest.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendant, Suiter.

95.     Denied.

96.     Denied.

97.     Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendant, Gladstone.   Defendant otherwise denies any allegation of wrongdoing or liability.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff Burley's averment regarding his specific charges.

102-107. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding their voluntary guilty pleas and/or criminal convictions.  Defendant otherwise denies wrongdoing or liability.

108.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff, Matthews', averment regarding the terms of his supervised release.

109.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff, Burley's averment terms of incarceration.

110.    Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendant BPD. Defendant otherwise denies any allegation of wrongdoing or liability.

111.    Defendant neither admits nor denies Plaintiff's averment regarding any grand jury proceeding.

112.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding the actions of non-party person(s) and/or agencies.

113-114.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' self-serving averment regarding their subjective mindset.

115-116.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding the actions of non-party governmental agencies.

117.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding the alleged Grand Jury proceeding.   Defendant otherwise denies wrongdoing or liability.

118.    Defendant neither admits nor denies Plaintiffs' averment regarding criminal court proceedings, as those proceedings are part of the public record.

119-121.    Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding the actions of non-party governmental agencies.

122-127.    Plaintiffs' averments are hardly factual, but rather amounts to self-serving commentary that does not necessitate a response.   However, to the extent any response is required, Defendant denies wrongdoing or liability.

**Count I[1]**
**42 U.S.C. § 1983**
**Violation of Due Process**
**(against all Officer Defendants)**

128.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiffs' Amended Complaint, as if fully stated herein.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

**Count II**
**Malicious Prosecution (Against all Defendants)**

135.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

136.    Denied.

137.    Defendant is without sufficient knowledge or information to form a belief as to truth of Plaintiffs' averment regarding the resolution of their criminal proceedings.

138.    Denied.

139.    Denied.

140.    Denied.

---

[1] Defendant, Jenkins, answers all Counts of the Amended Complaint only as those claims relate to him.

4850-3413-4145v1
5035840-101449 11/28/2018

141.     Denied.

## Count III
## Failure to Intervene (Against officer Defendants)

142.     Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

143.     Denied.

144.     Denied.

145.     Denied.

## Count IV
## 42 U.S.C. §§1983 and 1985 Conspiracy to Deprive Constitutional Rights
## (Against Officer Defendants)

146.     Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

4850-3413-4145v1
5035840-101449 11/28/2018

**Count V**
***Monell* Liability**
**(Against Baltimore City Police Department and State of Maryland)**

153.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Amended Complaint, as if fully stated herein.

154-159.    Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendant, BPD.  Defendant otherwise denies any allegation of wrongdoing or liability.

**Count VI**
**Malicious Prosecution**
**(Against All Defendants)**

160.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Amended Complaint, as if fully stated herein.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168-169.    Defendant neither admits nor denies Plaintiffs' averments related to the disposition of their criminal proceedings, as those proceedings are part of the public record.

170.    Denied.

10

171.    Denied.

## Count VII-State Law Claims
## Abuse of Process
## (Against Officer Defendants)

172.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Amended Complaint, as if fully stated herein.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

## Count VIII
## Intentional Infliction of Emotional Distress
## (Against Officer Defendants)

177.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Amended Complaint, as if fully stated herein.

178.    Denied.

179.    Denied.

180.    Denied.

## Count IX- State Law Claims
## Civil Conspiracy
## (Against Officer Defendants)

181.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

4850-3413-4145v1
5035840-101449 11/28/2018

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

**Count X-State Law Claims**
**Article 24 of the Maryland Constitution -Declaration of Rights**
**(Against Officer Defendants, Baltimore City Police Department, State of Maryland)**

186.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

187-188.    Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendants, BPD, State of Maryland, and/or any other individually named Defendants.  Defendant otherwise denies any allegation of wrongdoing or liability.

**Count XI- State Law Claims**
**Indemnification**
**(Against Baltimore City Police Department, State of Maryland)**

189.    Defendant, Jenkins, incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of Plaintiff's Complaint, as if fully stated herein.

190-191.    Defendant neither admits nor denies Plaintiff's allegations regarding separately named defendant BPD and/or State of Maryland.  Defendant otherwise denies any allegation of wrongdoing or liability.  Defendant further denies that Plaintiffs are entitled to compensatory or punitive damages, or any other form of relief.

4850-3413-4145v1
5035840-101449 11/28/2018

## **AFFIRMATIVE DEFENSES**

In support of the following affirmative defenses, Defendant incorporates the answers and responses to each of the above-referenced allegations.

### First Affirmative Defense

As a first, separate affirmative defense, Defendant states that Plaintiffs have failed to state a claim under which relief may be granted.

### Second Affirmative Defense

As a second, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by statutory or common-law immunity.

### Third Affirmative Defense

As a third, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by qualified immunity.

### Fourth Affirmative Defense

As a fourth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by privilege.

### Fifth Affirmative Defense

As a fifth, separate affirmative defense, Defendant states that Plaintiffs are not entitled to punitive damages, absent actual malice.

### Sixth Affirmative Defense

As a sixth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by contributory negligence.

4850-3413-4145v1
5035840-101449 11/28/2018

<u>Seventh Affirmative Defense</u>

As an seventh, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by assumption of risk.

<u>Eighth Affirmative Defense</u>

As an eighth, separate affirmative defense, Defendant states that all actions were taken with probable cause, reasonable articulable suspicion, order of court, and/or warrant, as appropriate.

<u>Ninth Affirmative Defense</u>

As a ninth, separate affirmative defense, Defendant states that any liability to Plaintiffs would be subject to a statutory damages cap, if applicable.

<u>Tenth Affirmative Defense</u>

As a tenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred for failure to comply with the notice provision of the Local Government Tort Claims Act, if applicable.

<u>Eleventh Affirmative Defense</u>

As an eleventh, separate affirmative defense, Defendant states that all actions taken under the circumstances were legally authorized and justified.

<u>Twelfth Affirmative Defense</u>

As a twelfth, separate affirmative defense, Defendant states that Plaintiffs' claims may be barred in whole, or part, by the doctrine of defense of self, another or property.

<u>Thirteenth Affirmative Defense</u>

As a thirteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by judicial estoppel.

4850-3413-4145v1
5035840-101449 11/28/2018

Fourteenth Affirmative Defense

As a fourteenth, separate affirmative defense, Defendant states that because no discovery has taken place at this stage, Defendant reserves the right to assert other affirmative defenses as appropriate.

WHEREFORE, having answered, Defendant prays that Plaintiffs' Amended Complaint be dismissed in its entirety, with costs and an award of reasonable attorneys' fees to Defendant.

Respectfully submitted,

_____/s/_____

Neil E. Duke (Federal Bar No.: 14073)
Baker Donelson
A Professional Corporation
100 Light Street
Baltimore, MD  21202-1643
(410) 862-1198
(443) 263-7598 – Fax

Dated: November 28, 2018

4850-3413-4145v1
5035840-101449 11/28/2018