IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UMAR BURLEY**, *et al*. | * | |
| Plaintiffs, | * | Case No. 1:18-cv-01743-SAG |
| v. | * | |
| **BALTIMORE POLICE DEPARTMENT**, *et al.* | * * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT, KEITH GLADSTONE'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Keith Gladstone ("Defendant" or "Gladstone"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 8, submits this Answer in response to Plaintiffs' Second Amended Complaint (ECF No. 23) (hereinafter "the Complaint"), with enumerated paragraphs of the Answer corresponding to those enumerated paragraph numbers of the Complaint, unless otherwise stated, and Defendant further states as follows.

**Introduction**

1. Plaintiffs' averment is not a factual allegation requiring a response. However, to the extent any response is required, Defendant denies wrongdoing or liability.

2. Plaintiffs' averment is not a factual allegation against this Defendant requiring a response. However, to the extent any response is required, Defendant denies wrongdoing or liability.

3. Plaintiffs' averment is not a factual allegation against this Defendant requiring a response. However, to the extent any response is required, Defendant denies same.

4. Denied.

5. Plaintiffs' averment is not a factual allegation against this Defendant requiring a response. However, to the extent any response is required, Defendant denies same.

6. Defendant neither admits nor denies factual allegations related to actions of nonparty governmental entities. Nor is Plaintiffs' averment a factual allegation against this Defendant requiring a response. However, to the extent any response is required,

Defendant denies wrongdoing or liability.  Upon information and belief, Defendant admits that Plaintiffs pled guilty to multiple crimes.

7. Plaintiffs' averment is not a factual allegation against this Defendant requiring a response. However, to the extent any response is required, Defendant denies wrongdoing or liability.

8. Defendant is without sufficient knowledge or information as to the truth of allegations asserted regarding the scope of any federal investigation of the BPD, or the findings of any such investigation, and thus, Defendant denies same.  Defendant specifically denies that he planted drug evidence in Mr. Burley's car, that he ever had knowledge of the planting of drug evidence in Mr. Burley's car, or that he used any such planted evidence in a false and malicious prosecution of Mr. Burley or anyone else. Defendant further denies that any investigation, federal or otherwise, ever revealed, determined, or concluded that Defendant, in fact, did any of those things or had any such knowledge.

9. Plaintiffs' averment is not a factual allegation against this Defendant requiring a response.

10. Defendant neither admits nor denies factual allegations related to the actions of non-party governmental entities.

11. Defendant neither admits nor denies factual allegations related to the actions of non-party governmental entities.

12. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, BPD.  Defendant denies engaging in an illegal stop of either Plaintiff, and denies that, in Defendant's experience, it was customary to do so.

13. Defendant denies engaging in an illegal stop, search and/or seizure of Plaintiffs, and further denies fabricating or suppressing any evidence to support any such conduct, and further denies that it was customary to engage in any such conduct. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, BPD.  However, to the extent the allegations can be deemed to be an allegation of wrongdoing against this Defendant, same is denied.

14. Plaintiffs' averment is not a factual allegation against this Defendant requiring a response. However, to the extent any response is required, Defendant denies wrongdoing or liability.

**Jurisdiction and Venue**

15-17. Paragraphs 15 through 17 of the Complaint constitute statements of law, jurisdiction, and/or venue, to which no answer is required.

18-21. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' averment regarding what administrative steps he took, or the actions of any non-party entity in response thereto, and thus, Defendant denies same.

**The Parties**

22. Defendant is without sufficient knowledge or information as to the truth of Plaintiff Burley's averment regarding his age and residency.

23. Defendant is without sufficient knowledge or information as to the truth of Plaintiff Matthews' averment regarding his age and residency.

24. Defendant admits to being previously employed by the Baltimore Police Department ("BPD"). Defendant neither admits nor denies Plaintiffs' allegations regarding separately named Defendants other than this Defendant. Defendant otherwise denies liability.

25. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Jenkins.

26. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Guinn.

27. Upon information and belief, admitted.

28. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Willard.

29. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Knoerlein.

30. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Fries.

31. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Palmere.

32. Defendant admits that he was and is still employed by the BPD. Otherwise, paragraph 32 sets forth a legal conclusion to which no response is required.

**Factual Background**

33-35. Defendant neither admits nor denies Plaintiffs' allegations regarding the knowledge purportedly held by separately named defendants Willard, Knoerlein, Fries, Palmere and BPD. Defendant denies having knowledge of the existence of a pattern or practice of illegal activities by BPD plainclothes units, and denies engaging in any such illegal activites.

36-37. Defendant admits to the historical existence of specialized units within the BPD.

38. Defendant admits that, depending upon the area within Baltimore City, there have been multiple names and labels ascribed to BPD officers who drive unmarked cars and do not wear traditional uniforms. Defendant denies the remainder of the allegations of this paragraph.

39. Defendant is without sufficient knowledge or information regarding the truth averments set forth in paragraph 39, and thus, they are denied.

40. Upon information and belief, admitted.

41. Upon information and belief, Defendant admits that the result of a hearing before Judge Davis was the suppression of evidence, and further the statements identified were made by Judge Davis. However, Defendant further states that such statements were not directed at or to this Defendant.

42-55. Defendant is without sufficient knowledge or information regarding the truth averments set forth in paragraphs 42 through 55, and thus, they are denied.

56-57. Defendant generally admits to the historical existence of structured police units within the BPD. Defendant otherwise denies engaging in abuse and improper conduct as described, and otherwise denies liability for same.

58. Defendant neither admits nor denies Plaintiffs' allegations regarding the publication of newspaper articles and the legitimacy of the narrative therein.

59-67. Defendant neither admits nor denies Plaintiffs' allegations regarding non-parties to this instant lawsuit, or the actions undertaken by the BPD. Defendant otherwise denies liability.

68. Defendant neither admits nor denies Plaintiffs' allegations regarding a separately named defendant, Jenkins.

4

69-71. Defendant neither admits nor denies Plaintiffs' allegations regarding any separately named Defendants. To the extent any such allegations are deemed to be asserted against this Defendant, same are denied.

72-76. Denied.

77. Admitted

78. Defendant admits that he and Jenkins historically and periodically may have made a few arrests together, but denies that they were ever partners or drove together, and denies service as a mentor to Jenkins.

79. Defendant denies engaging in repeated misconduct as a police officer, and thus, denies the allegations of paragraph 79 of the Complaint as stated.

80-91. Defendant is without sufficient knowledge or information regarding the truth averments set forth in paragraphs 80 through 91 of the Complaint, and thus, they are denied.

92. Denied.

93-99. Defendant is without sufficient knowledge or information regarding the truth of the averments set forth in paragraphs 93-99 of the Complaint, and thus, Defendant denies same.

100-101. Defendant is without sufficient knowledge or information regarding the terms or content of Jenkins' pleas agreement, or/or the federal sentencing of Jenkins. Thus, Defendant can neither admit nor deny said averments.

102. Denied.

103-104. Defendant, upon information and belief, admits that Willard, Knoerlein and Fries, at various points in their careers, held supervisory roles within BPD plainclothes units, and further admits that they may have supervised this Defendant at various times.  However, Defendant presently is without sufficient knowledge or information as to when, specifically, such supervision occurred.

105-109. Defendant is without sufficient knowledge or information regarding the truth of the averments of paragraphs 105 through 109 of the Complaint, and thus, Defendant can neither admit nor deny said averments.

110-111. Upon information and belief, Defendant admits being supervised by Fries for a brief period of time, however Defendant cannot presently recall when.

112-113. Defendant is without sufficient knowledge or information regarding the averments of paragraphs 112 through 113 of the Complaint, and thus, Defendant can neither admit nor deny said averments.

114. Upon information and belief, admitted.

115-116. Defendant denies having a history of misconduct, or committing misconduct as alleged, and thus, Defendant denies the allegations of paragraphs 115 through 116 of the Complaint.

117-119. Defendant is without sufficient knowledge or information regarding the truth of the averments of paragraphs 117 through 119 of the Complaint, and thus, Defendant denies same.

120. Denied.

121-126. Defendant is without sufficient knowledge or information regarding the truth of the averments of paragraphs 121 through 11126 of the Complaint, and thus, Defendant denies same.

127-135. Denied.

136-139. Defendant is without sufficient knowledge or information regarding the truth of the averments of paragraphs 136 through 139 of the Complaint, and thus, Defendant denies same.

140. Denied.

141-144.  Defendant is without sufficient knowledge or information regarding the averments of paragraphs 136 through 139 of the Complaint, and thus, Defendant neither admits nor denies said averments.

145-147. Defendant denies committing misconduct or abuses as asserted, thus, denied.

148-153. Defendant is without sufficient knowledge or information regarding the averments of paragraphs 148 through 153 of the Complaint, and thus, Defendant neither admits nor denies said averments.

154. Defendant admits the historical existence of specialized units within the BPD having command directives as to what areas and criminal activity to target, including, in some instances, gang, drug and gun activity.

155-167. Paragraphs 155 through 167 of the Complaint do not contain allegations against this Defendant, and thus, no answer is required.  To the extent said

paragraphs can be deemed to contain allegations against this Defendant, Defendant denies same, and denies wrongdoing and/or liability for same.

167. Denied.

168-174. Defendant is without sufficient knowledge or information regarding the truth of the averments of paragraphs 168 through 174 of the Complaint, and thus, Defendant denies said averments. Defendant denies engaging in the misconduct alleged in paragraph 171 of the Complaint.

175-180. Paragraphs 175 through 180 of the Complaint do not contain allegations against this Defendant, and thus, no answer is required. To the extent said paragraphs can be deemed to contain allegations against this Defendant, Defendant denies same.

181-206. Paragraphs 181 through 206 of the Complaint do not contain allegations against this Defendant, and thus, no response of this Defendant is required. Defendant neither admits nor denies Plaintiffs' allegations regarding actions undertaken by, or conduct or omissions of, or knowledge asserted to be held by, co-defendants or other persons not parties to this action. To the extent said paragraphs can be deemed to contain allegations against this Defendant, Defendant denies wrongdoing and/or liability for same.

207-208. Denied.

209-210. Paragraphs 209 through 210 of the Complaint do not contain allegations against this Defendant, and thus, no response of this Defendant is required. To the extent said paragraphs can be deemed to contain allegations against this Defendant, Defendant denies wrongdoing and/or liability for same.

211. Denied.

212-214. Defendant is without sufficient knowledge or information as to the truth of Plaintiffs' averment regarding their personal itinerary, or their subject states of mind as to whether either was involved in the drug trade, or the absence of illegal drugs in Mr. Burley's car.

215. Defendant is without sufficient knowledge or information as to the truth of Plaintiffs' averment that there were no illicit drugs inside Mr. Burley's car on the persons of either Plaintiff, and thus, Defendant denies same.

216. Paragraph 216 of the Complaint constitutes a legal conclusion to which no response of this Defendant is required.

217-222. Defendant is without sufficient knowledge or information as to the truth of Plaintiffs' averment in paragraphs 217 through 222 of the Complaint, and thus Defendant denies same.

221. Defendant denies engaging in an illegal stop of Plaintiffs, and admits that Plaintiffs, faced with the prospect of a lawful arrest, fled from the attempted stop.

222. Defendant admits that he and Jenkins returned to their vehicle, but denies that a high speed chase ensued. Defendant denies the remaining allegations of paragraph 222 of the Complaint.

223. Upon information and belief, Defendant admits that the vehicle operated by Plaintiffs struck another vehicle, killing at least one occupant therein. Defendant is without sufficient knowledge or information regarding the truth of the remaining averments of paragraph 223 of the Complaint, and thus, Defendant denies same.

224. Defendant admits that Plaintiffs abandoned their vehicle after the accident in an effort to evade apprehension by BPD Officers, but were subsequently apprehended. Defendant denies the remaining averments of paragraph 224 of the Complaint.

225. Defendant denies that he searched Mr. Burley's car.admits that at some point Mr. Burley's car was searched, and at some point, apparent illegal drugs were recovered from the car. Defendant further states, however, that after chasing and apprehending Mr. Matthews, Defendant, with the assistance of co-defendant Willard who had arrived in scene, and others, spent some time searching the area for the weapon believed to have been in the possession of Mr. Matthews.

226. Defendant is without sufficient knowledge or information as to the truth of Plaintiffs' averments in paragraph 226 of the Complaint, and thus Defendant denies same.

227-228. Denied.

229-230. Defendant is without sufficient knowledge or information as to the truth of Plaintiffs' averments in paragraphs 229 through 230 of the Complaint, and thus Defendant denies same.

231-233. Denied.

234-236. Defendant, upon information and belief, admits that Jenkins authored a probable statement pertaining to Plaintiffs, and further admits that Jenkins apparently entered into some type of plea agreement. Defendant denies awareness of the contents of said plea agreement.

237. Defendant is without sufficient knowledge or information as to the truth of Plaintiffs' averments in paragraphs 237 of the Complaint, and thus Defendant denies same.

238-239.   Defendant, upon information and belief, admits that Plaintiffs were charged as described.  Defendant, however, is without sufficient knowledge or information regarding the remaining averments of paragraphs 238 and 239 of the Complaint, and thus, Defendant denies same.

240-243. Defendant is without sufficient knowledge or information to form a belief regarding Plaintiffs' subjective mindset during the time of their respective prosecution and sentencing.  Defendant denies making any, or having knowledge of any, falsified statements.

244-245. Defendant admits that Plaintiffs were sentenced for their criminal offenses.

246-247. Defendant admits that Plaintiffs were incarcerated for their criminal offenses.

248. Denied.

249-259. Defendant is without sufficient knowledge or information as to the truth of the procedural history described, and states that such history is documented and speaks for itself. Defendant also is without sufficient knowledge or information as to the truth of the Plaintiffs' subjective mindset at any point during such procedural history.

260-265. Plaintiffs' averments do not constitute factual allegations against this Defendant to which a response is required.  However, to the extent any response is required, Defendant denies wrongdoing and denies any liability for Plaintiffs' alleged damages.

266. Denied.

**Count I - 42 U.S.C. § 1983 Violation of Due Process (Against Officer Defendants and Defendant Willard)**

267. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

268-273. Denied.

### Count II - 42 U.S.C. § 1983 Malicious Prosecution (Against Officer Defendants and Defendant Willard)

274. Defendant incorporates and restates by reference the each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

275. Denied.

276. Defendant neither admits nor denies Plaintiffs' averment to the extent that it states a legal proposition. Defendant otherwise denies liability.

277-279. Denied.

### Count III - 42 U.S.C. § 1983 Failure to Intervene (Against Officer Defendants and Defendants Willard, Knoerlein, Fries and Palmere)

280. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

281-283. Denied.

### Count IV - 42 U.S.C. §§1983 and 1985 Conspiracy to Deprive Constitutional Rights (Against Officer Defendants and Defendant Willard)

284. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

285-290. Denied.

### Count V - 42 U.S.C. § 1983 Supervisory Liability (Against Defendants Willard, Knoerlein, Fries and Palmere)

291. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

292. Defendant admits that, upon information and belief, co-defendant Willard was this Defendant's supervisor for a brief period before, during, and for a brief period after the alleged illegal stop described in the Complaint. Defendant is without knowledge or information regarding the truth of the allegations regarding the supervisory status of co-defendants Knoerlein and Fries.

293-296. Defendant offers no response on behalf of other identified defendants, Willard, Knoerlein, Fries and Palmere.

### Count VI - 42 U.S.C. § 1983 Monell Liability (Against Baltimore City Police Department)

297. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

298. Defendant admits that at all times relevant to the Complaint, Defendant acted as he was trained to act. Defendant offers no response on behalf of other identified defendant, BPD

299-304. The allegations herein are not directed to this Defendant, and thus, no response is required. Defendant offers no response on behalf of other identified defendant, BPD.

### Count VII - State Law Claims Malicious Prosecution (Against Officer Defendants and Defendant Willard)

305. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

306-312. Denied.

313-314. Defendant neither admits nor denies Plaintiffs' averments related to the disposition of their criminal proceedings, as those proceedings are part of the public record, or otherwise state a legal proposition.

315-316. Denied.

### Count VIII-State Law Claims Abuse of Process (Against Officer Defendants and Defendant Willard)

317. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

318-321. Denied.

### Count IX - State Law Claims Intentional Infliction of Emotional Distress (Against Officer Defendants and Defendant Willard)

322. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

323-325. Denied.

### Count X- State Law Claims Civil Conspiracy (Against Officer Defendants and Defendant Willard)

326. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

327-330. Denied.

### Count XI - State Law Claims Article 24 of the Maryland Constitution - Declaration of Rights (Against Officer Defendants and Defendants Willard)

331. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

332-333. Denied.

### Count XII - State Law Claims Indemnification (Against Baltimore City Police Department)

334. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

335. The allegations of this paragraph state a legal conclusion to which no response is required.

336. Defendant admits that at all times during his employment with BPD, Defendant acted within the scope of his employment. Defendant denies engaging in any misconduct as alleged.

337. Denied.

338. Defendant neither admits nor denies Plaintiff's allegations regarding the statutory obligations of separately named co-Defendant, BPD. Defendant otherwise denies any liability.

## Count XIII - State Law Claims Indemnification for Civil Judgment (Against Officer Defendants and Baltimore City Police Department)

339. Defendant incorporates and restates by reference the answers to each and every allegation contained in the preceding paragraphs of the Complaint, as if fully stated herein.

340. The allegations of this paragraph state a legal conclusion to which no response is required.

341-342. Denied.

### Request for Damages

Defendant denies that Plaintiffs are entitled to compensatory or punitive damages, or any other form of relief.

### **AFFIRMATIVE DEFENSES**

In support of the following affirmative defenses, Defendant incorporates the answers and responses to each of the above-referenced allegations.

### First Affirmative Defense

As a first, separate affirmative defense, Defendant states that Plaintiffs have failed to state a claim under which relief may be granted.

### Second Affirmative Defense

As a second, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by statutory or common-law immunity.

### Third Affirmative Defense

As a third, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by qualified immunity.

### Fourth Affirmative Defense

As a fourth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by privilege.

### Fifth Affirmative Defense

As a fifth, separate affirmative defense, Defendant states that Plaintiffs are not entitled to punitive damages, absent actual malice.

### Sixth Affirmative Defense

As a sixth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by contributory negligence.

### Seventh Affirmative Defense

As an seventh, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by assumption of risk.

### Eighth Affirmative Defense

As an eighth, separate affirmative defense, Defendant states that all actions were taken with probable cause, reasonable articulable suspicion, order of court, and/or warrant, as appropriate.

### Ninth Affirmative Defense

As a ninth, separate affirmative defense, Defendant states that any liability to Plaintiffs would be subject to a statutory damages cap, if applicable.

### Tenth Affirmative Defense

As a tenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred for failure to comply with the notice provision of the Local Government Tort Claims Act, if applicable.

### Eleventh Affirmative Defense

As an eleventh, separate affirmative defense, Defendant states that all actions taken under the circumstances were legally authorized and justified.

### Twelfth Affirmative Defense

As a twelfth, separate affirmative defense, Defendant states that Plaintiffs' claims may be barred in whole, or part, by the doctrine of defense of self, another or property.

### Thirteenth Affirmative Defense

As a thirteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, judicial estoppel and collateral estoppel, and by res judicata.

### Fourteenth Affirmative Defense

As a fourteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### Fifteenth Affirmative Defense

As a fifteenth, separate affirmative defense, Defendant states that Plaintiffs' claims may be barred in whole, or part, by the doctrine of unclean hands.

### Sixteenth Affirmative Defense

As a sixteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Seventeenth Affirmative Defense

As a seventeenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Eighteenth Affirmative Defense

As an eighteenth, separate affirmative defense, Defendant states that Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' failure to mitigate any alleged damages.

### Nineteenth Affirmative Defense

To the extent Plaintiffs suffered any injuries, losses or damages as a result of the incident alleged in the Complaint, the injuries were proximately caused by Plaintiffs' own illegal conduct or by the conduct of other persons or parties for whom this Defendant was not and is not responsible or liable. This Defendant was not the proximate cause of Plaintiffs' alleged injuries, nor were the injuries caused by any act or omission of this Defendant.

### Twentieth Affirmative Defense

Defendant generally denies any allegations of wrongdoing and asserts further that he has not violated any of the Plaintiffs' constitutional rights.

### Twenty-First Affirmative Defense

Any arrest, search or detention of Plaintiffs was lawful, and any seizures were lawful.

### Twenty-Second Affirmative Defense

Defendant did not act with malice, and all actions of Defendant, if any, were objectively reasonable.

### Twenty-Third Affirmative Defense

As a twenty-third, separate affirmative defense, Defendant states that because no discovery has taken place at this stage, Defendant reserves the right to assert other affirmative defenses as appropriate.

**WHEREFORE**, having answered the Plaintiffs' Second Amended Complaint, Defendant prays that Plaintiffs' Second Amended Complaint be dismissed in its entirety, with costs and an award of reasonable attorneys' fees to Defendant.

### JURY TRIAL DEMAND

Defendant demands a trial by jury.

November 4, 2019  _____/S_____
Date  James H. Fields (Bar No. 09661)
*JFields@FieldsPeterson.com*
Fields Peterson, LLC
Harborplace Tower, Suite 1400
111 South Calvert Street
Baltimore, MD 21202
Telephone: (410) 783-6347
Facsimile:  (410) 783-6410

Attorneys for Defendant, Keith Gladstone

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of November, 2019, a copy of the foregoing ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT was served upon all parties of record via the Court's electronic filing system.

_____/s/_____
James H. Fields