UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 18, 2019

LETTER TO COUNSEL

      RE:    *Umar Hassan Burley, et al. v. Baltimore Police Department, et al.*;
               Civil No. SAG-18-1743

Dear Counsel:

      In this case, Plaintiffs Umar Burley and Brent Matthews (collectively, "Plaintiffs") sue former Baltimore Police Officers Wayne Jenkins, Richard Willard, and Keith Gladstone, along with current Baltimore Police Officers Sergeant William Knoerlein, Sergeant Ryan Guinn, and Lieutenant Michael Fries (collectively "the Officer Defendants"), the Baltimore Police Department ("BPD"), and former Deputy Commissioner Dean Palmere ("Palmere") (collectively, "the BPD Defendants"). Plaintiffs allege civil rights violations in connection with an illegal stop and arrest by the Officer Defendants on April 28, 2010, in addition to subsequent actions taken to cover up the misconduct. ECF 23 (Second Amended Complaint). I have reviewed Palmere's Motion to Bifurcate and Stay Discovery, ECF 62, and the accompanying Memorandum of Law, ECF 62-1 (collectively, "the Motion"), Plaintiffs' Opposition, ECF 69, and Palmere's Reply, ECF 77. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Motion will be granted.

      The Motion seeks to bifurcate the trial of Plaintiffs' § 1983 claims against the Officer Defendants from the supervisory claims lodged against Palmere, and to stay discovery relating to supervisory liability until the underlying § 1983 claims have been adjudicated. ECF 62 at 1. The Motion can be distinguished in two ways from similar motions this Court has recently considered in other civil cases, like this one, involving members of BPD's Gun Trace Task Force ("GTTF"). First, one of the Officer Defendants in this case, Wayne Jenkins, pled guilty to planting heroin in Plaintiff Burley's car, which led to the wrongful arrest and wrongful imprisonment of Plaintiffs on April 28, 2010. *See* Plea Agreement & Arraignment, *United States v. Jenkins*, Cr. No. 17-0638-CCB (D. Md. Jan. 5, 2018), ECF 5, ¶¶ 62-75; ECF 8. Second, in other recent GTTF cases, this Court has considered the bifurcation of supervisory liability claims against Palmere and other supervisory officers in conjunction with *Monell* claims against BPD.[1] *See* Order, *Bumgardner v. Taylor*, Civ. No. SAG-18-1438 (D. Md. Nov. 6, 2019), ECF 110; Order, *Harrod v. Mayor & City Council*, Civ. No. SAG-18-2542 (D. Md. Oct. 10, 2019), ECF 65. In contrast, in this case, BPD

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), authorized plaintiffs to bring § 1983 civil rights actions against municipalities, where a municipality's official policy or custom caused constitutional injury.

has filed an interlocutory appeal of an Order issued by United States District Judge Ellen L. Hollander, denying its motion to dismiss Plaintiffs' claims as barred by Eleventh Amendment immunity. ECF 53. Accordingly, Plaintiffs' *Monell* claims against BPD are effectively stayed pending resolution of that appeal. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (an interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal" because "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously"). Thus, Palmere stands alone seeking bifurcation and a stay of discovery in this matter.

Turning to the relevant legal standards, the bifurcation of trials is addressed in Federal Rule of Civil Procedure 42(b):

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision whether to bifurcate claims for trial is committed to the broad discretion of the trial judge. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993). Likewise, with respect to the requested stay, decisions about the appropriate timing and sequence of discovery lie within the discretion of the trial court. *See* Fed. R. Civ. P. 26(d)(1) (allowing discovery rules, including those pertaining to scheduling, to be modified "by court order").

In the *Bumgardner* and *Harrod* cases cited above, and in the majority of similarly situated cases, this Court has bifurcated *Monell* and supervisory liability claims from underlying § 1983 claims against individual officers. *See, e.g.*, Order, *Roberts v. Taylor,* Civ. No. CCB-18-1940 (D. Md. Jul. 18, 2019), ECF 60 (GTTF case); *Peprah v. Williams*, Civ. No. GLR-18-990, 2019 WL 22425, at *10 (D. Md. Jan. 15, 2019) ("This Court has repeatedly held that bifurcation is appropriate in cases involving § 1983 claims against individual defendants and municipalities."); *Brown v. Bailey*, Civ. No. RDB-11-1901, 2012 WL 2188338, at *4 ("This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable."); *Marryshow v. Town of Bladensburg,* 139 F.R.D. 318, 319-21 (D. Md. 1991). *But see* Memorandum Order, *Potts v. Hendrix*, Civ. No. CBD-16-3187 (D. Md. Dec. 7, 2018), ECF 84 (denying motion to bifurcate and stay discovery in GTTF case). The decision whether to bifurcate is ultimately a fact-specific inquiry. Although, as noted above, there are some unusual facts presented in this case, those facts do not warrant a different outcome than *Bumgardner* or *Harrod*.

In order to establish supervisory liability by Palmere, Plaintiffs first will have to establish that the Officer Defendants caused them constitutional injury on April 28, 2010. Discovery as to the facts of that single interaction should be relatively limited in scope. *See, e.g.*, *Marryshow*, 139 F.R.D. at 319. Certainly, Defendant Jenkins's guilty plea will be of assistance in Plaintiffs' efforts to prove their case against him, but there are five other Officer Defendants who have not been found guilty of criminal conduct related to Plaintiffs. The scope and nature of Palmere's

supervisory liability, if any, will depend in part upon the actions of each of the Officer Defendants on the date in question. The fact that one officer has pled guilty to actions that might amount to a violation of Plaintiffs' constitutional rights does not establish that six officers engaged in such conduct.[2]

As in the other GTTF cases I have decided recently, I am persuaded that the bifurcation of trials in this case will advance judicial economy. In fact, the procedural posture of this case weighs more heavily in favor of bifurcation and a stay. The supervisory claims against Palmere are more aligned with the *Monell* claims against BPD than with the individual claims against the Officer Defendants. Because the *Monell* claims are effectively stayed pending the interlocutory appeal, it would be inefficient to allow discovery (and possibly trial) as to supervisory liability to proceed without the BPD's participation, only to engage in largely duplicative discovery and trial if the case against BPD proceeds after appeal.

I have reviewed Judge Chuang's recent decision in *Potts*. However, I remain unpersuaded that the investigation by the United States Department of Justice and the conviction of unrelated members of the GTTF are relevant to a jury's assessment of what each Officer Defendant did on April 28, 2010. Plaintiffs' brief focuses its prejudice argument on the limited prejudice that would accrue to Palmere from a joint trial. ECF 69 at 7. The issue, however, is the significant prejudice to the Officer Defendants (excluding Jenkins) if the DOJ report and the other incidents involving GTTF were to be admitted into evidence at the trial against them. *See Marryshow*, 139 F.R.D. at 320. That prejudice, in addition to considerations of judicial economy discussed above, warrants bifurcation for trial. In light of the bifurcation, and the interlocutory appeal, a stay of discovery relating to supervisory liability is also appropriate. Palmere's Motion, ECF 62, is therefore **GRANTED**.

Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[2] This Court's analysis of judicial economy, efficiency, prejudice, and convenience might have a different outcome if Defendant Jenkins were the only named Officer Defendant. However, as in *Bumgardner* and *Harrod*, there are a number of Officer Defendants who either have not faced criminal charges or have not been convicted of conduct relating to Plaintiffs. Those defendants face a significant risk of prejudice at a single, unified trial, as described above.