# EXHIBIT 1

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| UMAR BURLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BALTIMORE POLICE DEPARTMENT, *et al*., <br><br> Defendants. | Civil Case No. SAG-18-1743 |

## PLAINTIFF UMAR BURLEY'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT MICHAEL FRIES

The following interrogatories are propounded to Defendant Michael Fries by Plaintiff Umar Burley, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Mr. Fries is required to answer each interrogatory separately and fully in writing under oath and to serve his answers upon Plaintiffs' attorneys: Steven D. Silverman, Andrew C. White, William N. Sinclair, and Erin Murphy, Silverman, Thompson, Slutkin & White, 201 N. Charles Street, Suite 2600, Baltimore, Maryland 21201, within the time prescribed by the Federal Rules of Civil Procedure and in accordance with the Instructions and Definitions set forth below.

In answering these interrogatories, Mr. Fries is required to furnish all information that is known or available to him irrespective of whether that information is possessed directly by him or his agents and representatives. If Mr. Fries is unable to answer any of these interrogatories in full, he must answer them to the fullest extent possible specifying those interrogatories or portions thereof not fully answered and the grounds for omissions.

The following interrogatories should be construed in accordance with the preliminary instructions and definitions set forth below.

## **INSTRUCTIONS**

1. These instructions and definitions should be construed to require answers from Mr. Fries separately based upon the knowledge of, and information available to, Mr. Fries as well as his agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such material. (Standard Instruction No. 1, modified).

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory. (Standard Instruction No. 2).

3. Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete. (Standard Instruction No. 3).

4. Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

   A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

   B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

   (1) For oral communications:

   a. the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;

   b. the date and place of the communication; and

    c. the general subject matter of the communication.

  (2) For documents:

    a. the type of document,

    b. the general subject matter of the document,

    c. the date of the document, and

    d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other. (Standard Instruction No. 4).

  5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained. (Standard Instruction No. 5, modified).

  6. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering. (Standard Instruction No. 6).

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

  1. "Concerning" means relating to, referring to, describing, evidencing, or constituting. (Standard Definition No. 1).

  2. "Communication" means the transmittal of information by any means. (Standard Definition No. 2).

  3. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail and text messages are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those

3

terms in Fed. R. Evid. 1001.  A draft or non-identical copy is a separate document within the meaning of the term "document." (Standard Definition No. 3, modified).

      4.      Identify (with respect to persons):  When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment.  If the answering party knows the business, home, and/or mobile telephone numbers, and if the person is not a party or present employee of a party, said telephone numbers shall be provided.  Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person. (Standard Definition No. 4, modified).

      5.      Identify (with respect to documents):  When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document. (Standard Definition No. 5).

      6.      "Incident" refers to the events of April 28, 2010 resulting in the arrest of Messrs. Burley and Matthews and as described in the Second Amended Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

      7.      Parties:  The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order. (Standard Definition No. 7).

      8.      Person:  The term "person" is defined as any natural person or any business, legal or governmental entity or association. (Standard Definition No. 8).

      9.      You/Your:  The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, employees, representatives and attorneys. (Standard Definition No. 9).

      10.      The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or" as to solicit the most inclusive response.  Words in the masculine, feminine or neuter form shall include each of the other genders. (Standard Definition No. 10, modified).

## SCOPE OF INTERROGATORIES

1. All interrogatories phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes your response inclusive rather than exclusive.

2. Unless otherwise stated in a specific request, these requests shall be deemed to cover documents created, used, or in effect from January 1, 2000 to December 31, 2015.

## INTERROGATORIES

1. Identify all persons who are likely to have personal knowledge of any fact alleged in the Second Amended Complaint or any legal defense you intend to raise, and state the subject matter of the personal knowledge possessed by each such person. (Standard Interrogatory No. 6, modified).

2. For each witness you have retained or specially employed to provide expert testimony in this case, provide a complete statement of the opinions to be expressed and the basis and reasons therefore. (Standard Interrogatory No. 9, modified).

3. Identify all persons, including witnesses, who have given you statements, as that term is used in Fed. R. Civ. P. 26(b)(3)(C), concerning this action or its subject matter. For each such statement, state the date on which it was given and identify its custodian.

4. State all facts in support of each affirmative defense raised in your Answer to Plaintiffs' Second Amended Complaint.

5. Describe your complete employment history with the Baltimore Police Department, including but not limited to, for each position you hold or have held: your dates of employment; job title(s); police district(s) in which you were based or worked; name(s) of supervisor(s); and job duties, including whether or not you held or currently hold any supervisory role, and whether or not you have ever been disciplined or demoted. Include in your answer your personal Baltimore Police Department patrol badge number.

6. State whether, during your employment with the Baltimore Police Department, you ever worked directly with, and/or supervised any individual defendant in this lawsuit, including Wayne Jenkins, Ryan Guinn, Keith Gladstone, William Knoerlein, Richard Willard, and Dean Palmere, and the dates of any such supervision.

7. Provide the full name of each Baltimore Police Department employee whom you supervised or oversaw during your employment with the Baltimore Police Department and the dates of your supervision of each such employee.

8. For each supervisory position you have held within the Baltimore Police Department, describe all conduct of your subordinates that you were required to authorize or approve (i.e. overtime requests or search warrants).

9. For each named Defendant in this lawsuit whom you supervised, state how much pay in overtime wages you authorized and approved, and when, for the years 2005 through 2010.

10. For each named Defendant in this lawsuit whom you supervised, state each time you were notified of a complaint involving that Defendant, or any disciplinary action involving that Defendant. In your answer, provide the date of the incident that was the subject of the complaint or disciplinary action, a description of the incident leading to the complaint or disciplinary action, and the names of any other individuals involved in the incident or disciplinary action.

11. For each Defendant in this lawsuit whom you supervised, describe the process by which the Defendant was selected to work under your direct supervision, and identify each person involved in that selection. In your answer, state whether the Defendant was selected by you, and what information you considered during the selection process.

12. For each supervisory position you have held in the Baltimore Police Department, describe the process by which subordinates under your supervision were reviewed and/or evaluated, including how often subordinates were reviewed and/or evaluated, and describe all types of documents that reflect those reviews or evaluations.

13. For each position you have held within the Baltimore Police Department, describe the chain of command, including in your description the name, title, and rank of each direct supervisor to whom you reported and the supervisor to whom your direct supervisor reported.  In your answer, provide the supervisory hierarchy for each position up to the Commissioner of the Baltimore Police Department.

14. Describe any complaint against you concerning your conduct as an employee of the Baltimore Police Department.  In your answer, provide the date of the incident that was the subject of the complaint, the date of the complaint, and a description of the complaint and its resolution; identify the individual who received the complaint, and identify any other individuals involved in the incident in question.

15. Describe any disciplinary action (including reprimands) taken against you concerning your conduct as an employee of the Baltimore Police Department, including whether or not any action was referred to a trial board.  In your answer, identify the individuals involved in the disciplinary action and describe each incident, including the behavior that led to the disciplinary action and the disciplinary action that was taken.

16. Describe in detail the history of any complaint, lawsuit, or claim for personal injuries that has ever been filed and/or lodged against you in any capacity, including in your answer: the date; identity of the attorney representing the complainant/plaintiff; the identity of the attorney representing you and any co-defendant; the name of the case; whether a lawsuit was

filed, and if so, the court where suit was brought and the case number; and the resolution or disposition of each complaint, lawsuit, or claim.

17. Describe the law enforcement duties to which you were assigned on April 28, 2010 and identify all officers whom you supervised at that time, and the supervisors to whom you reported.

18. Describe in detail all events, including but not limited to the "incident" that resulted in the arrest of Messrs. Burley and Matthews on April 28, 2010.

19. Identify all persons with knowledge of the arrest of Messrs. Burley and Matthews on April 28, 2010, and describe each such person's knowledge regarding that topic.

20. State whether you were present on October 8, when Wayne Jenkins allegedly struck Timothy O'Conner.

21. Describe any and all actions taken by the Baltimore Police Department as a result of the alleged assault between Timothy O' Connor and Mr. Jenkins, including but not limited to any discipline or training.

22. Describe any training you have received throughout your law enforcement career, including but not limited to dates, location, content, and who performed or provided the training.

23. Describe all efforts you undertook to review, investigate, analyze, uncover, prevent or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem of any subordinate Baltimore Police Department officer or employee under your supervision.

24. If you contend that, by any act or omission, a third party caused or contributed to the damages alleged in Plaintiffs' Complaint, state all facts that support your contention.

25. Identify any person who provided you with information in the preparation of your

answers to these Interrogatories.

Respectfully submitted,

_____/s/_____
Andrew D. Freeman
Chelsea J. Crawford
Neel K. Lalchandani
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
T:  (410) 962-1030
F:  (410) 385-0869
adf@browngold.com
ccrawford@browngold.com
nlalchandani@browngold.com

Steven D. Silverman
ssilverman@mdattorney.com
Andrew C. White
awhite@mdattorney.com
William N. Sinclair
bsinclair@mdattorney.com
Erin Murphy
emurphy@mdattorney.com
Silverman Thompson Slutkin & White, LLC
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel: (410) 385-2225
Fax: (410) 547-2432

*Attorneys for Plaintiffs*

Dated:  December 9, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of December, a copy of the foregoing Plaintiffs' First Set of Interrogatories to Defendant Michael Fries was forwarded via first-class mail and e-mail to:

James H. Fields, Esquire
Fields Peterson, LLC
Harborplace Tower, Suite 1400
111 South Calvert Street
Baltimore, MD 21202
JFields@FieldsPeterson.com

*Attorneys for Defendants, Ryan Guinn, Keith Gladstone, Richard Willard, William Knoerlein and Michael Fries*

Kara K. Lynch, Esquire
Alexa E. (Curley) Ackerman, Esquire
Justin S. Conroy, Esquire
Natalie R. Amato, Esquire
Baltimore City Department of Law
Office of Legal Affairs City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
Kara.lynch@baltimorepolice.org
Alexa.ackerman@baltimorecity.gov
Justin.conroy@baltimorecity.gov
Natalie.amato@baltimorecity.gov

*Attorney for Defendants BPD and Palmere*

Neil E. Duke, Esquire
Baker, Donelson, Bearman, Caldwell & Berkowitz
100 Light Street, 19th Floor
Baltimore, Maryland 21202
nduke@bakerdonelson.com

*Attorney for Defendant Wayne Jenkins*

 

 

 

 

 

 

                                      /s/
                                  Chelsea J. Crawford