# EXHIBIT 2

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| UMAR BURLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BALTIMORE POLICE DEPARTMENT, *et al*., <br><br> Defendants. | Civil Case No. SAG-18-1743 |

**PLAINTIFF UMAR BURLEY'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT MICHAEL FRIES**

Pursuant to Fed. R. Civ. P. 34 and L.R. 104, Plaintiff Umar Burley, by his undersigned attorneys, request that Defendant Michael Fries produce documents, set forth in the below Description of Documents and Things to be Produced, for inspection and copying to Plaintiffs' attorneys at: Silverman, Thompson, Slutkin & White, 201 N. Charles Street, Suite 2600, Baltimore, Maryland 21201.

This request is continuing in nature and you should file supplementary responses in the event that you later obtain possession or control of documents within the scope of this request.

**INSTRUCTIONS**

1. Documents produced shall be segregated according to the request in response to which they are produced.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding. (Standard Instruction No. 2).

3. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    A.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    B.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in paragraph (3.A), above, please state the reason for withholding the document. (Standard Instruction No. 3, modified).

4.    When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document. (Standard Instruction No. 5).

5.    It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such material. (Standard Instruction No. 6).

6.    If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

7.    If any documents requested herein have been lost, discarded, or destroyed, the documents so lost, discarded, or destroyed shall be identified as completely as possible, including, without limitation, the following information:  date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and person disposing of the document.

8.    E-mails and other electronic data should be produced in its native format.

9.    This document request is continuing, and Defendant's initial production of documents is to be supplemented in a timely fashion in the event that additional responsive

documents are discovered or obtained by Defendant subsequent to the initial document production.

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Communication" means the transmittal of information by any means. (Standard Definition No. 1).

2. "Concerning" means relating to, referring to, describing, evidencing, or constituting. (Standard Definition No. 2).

3. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing." Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail and text messages are included within the definition of the term "document." The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." (Standard Definition No. 3, modified).

4. "Incident" refers to the events of April 28, 2010, resulting in the arrest of Messrs. Burley and Matthews and as described in the Second Amended Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

5. Parties: The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order. (Standard Definition No. 6).

6. Person: The term "person" is defined as any natural person or any business, legal or governmental entity or association. (Standard Definition No. 7).

7. You/Your: The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, employees, representatives and attorneys. (Standard Definition No. 8).

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and"

3

and "or" as to solicit the most inclusive response.  Words in the masculine, feminine or neuter form shall include each of the other genders. (Standard Definition No. 9).

11.     If the requested documents are maintained in a file, the file folder is included in the request for production of those documents. (Standard Definition No. 10).

## SCOPE OF REQUESTS

1.      All interrogatories phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes your response inclusive rather than exclusive.

2.      Unless otherwise stated in a specific request, these requests shall be deemed to cover documents created, used, or in effect from January 1, 2000, to December 31, 2015.

## DOCUMENTS TO BE PRODUCED

1.      All documents concerning your employment with the Baltimore Police Department, including but not limited to employment contracts, personnel files, Kardex logs, and Internal Affairs Division records.

2.      All documents concerning communications between you or anyone on your behalf and any representative of the Baltimore Police Department regarding Mr. Burley, Mr. Matthews, or any events described in the Complaint.

3.      All documents (including, but not limited to, fee agreements, reports, and correspondence) which relate to, describe, summarize, or memorialize any communication between you and Mr. Burley, or you and Mr. Matthews, or anyone known or believed by you to have been acting under the authority of Mr. Burley or Mr. Matthews, concerning the Incident. (Standard Document Request No. 3).

4.      All documents concerning Mr. Burley, Mr. Matthews, and the events in Plaintiffs' Second Amended Complaint.

5. All documents and communications between January 1, 2005 and December 31, 2010 concerning your supervision of any individual defendant in this lawsuit, including Wayne Jenkins, Ryan Guinn, Keith Gladstone, William Knoerlein, Richard Willard, and Dean Palmere.

6. All documents and communications concerning the job duties and responsibilities for each supervisory position within the Baltimore Police Department that you have held.

7. All documents or communications between January 1, 2005 and December 31, 2010 concerning your approval or authorization to pay the overtime wages of any individual defendant in this lawsuit whom you supervised or oversaw.

8. All documents or communications concerning any complaint against you concerning your conduct as an employee of the Baltimore Police Department.

9. All documents or communications concerning any disciplinary action taken against you concerning your conduct as an employee of the Baltimore Police Department, including your complete file maintained by the Internal Affairs Division of the Baltimore Police Department.

10. All documents and communications between January 1, 2005 and December 31, 2010 concerning any performance reviews, reports, or evaluations performed by you during your employment with the Baltimore Police Department of any individual defendant in this lawsuit whom you supervised or oversaw.

11. All documents and communications concerning any performance reviews, reports, or evaluations of you during your employment with the Baltimore Police Department.

12. All documents and communications reflecting your assignment and/or duties with the Baltimore Police Department on April 28, 2010.

13. All documents and communications concerning any efforts undertaken by you to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem of any subordinate Baltimore Police Department officer or employee under your supervision.

14. All documents and communications between January 1, 2005 and December 31, 2010 in which you were informed of a complaint or disciplinary action involving any individual defendant in this lawsuit whom you supervised or oversaw.

15. All documents and communications sufficient to identify any and all Baltimore Police Department employees under your supervision between January 1, 2005 and December 31, 2010, and the dates of that supervision, including but not limited to any organizational charts.

16. All documents and communications between January 1, 2005 and December 31, 2010 concerning your selection of any individual defendant in this lawsuit to work under your direct supervision.

17. All documents and communications concerning any complaint against you during your employment with the Baltimore Police Department.

18. All documents and communications concerning any lawsuit or claim for personal injuries that has ever been filed and/or lodged against you in any capacity.

19. All documents concerning any training you have received throughout your law enforcement career, including the content of the trainings and certificates of completion.

20. All documents referred to in your Answers to Interrogatories. (Standard Document Request 1).

21. All documents, to the extent they are not protected by Fed. R. Civ. P. 26(b)(4), provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A). (Standard Document Request No. 4, modified).

22. All documents received from or provided to any other party to this action since the filing of the Complaint, whether provided informally or in response to a formal request. (Standard Document Request No. 9).

23. All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a). (Standard Document Request No. 10).

Respectfully submitted,

_____/s/_____
Andrew D. Freeman
Chelsea J. Crawford
Neel K. Lalchandani
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
T:  (410) 962-1030
F:  (410) 385-0869
adf@browngold.com
ccrawford@browngold.com
nlalchandani@browngold.com

Steven D. Silverman
Andrew C. White
William N. Sinclair
Erin Murphy
Silverman Thompson Slutkin & White, LLC
201 N. Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel: (410) 385-2225
Fax: (410) 547-2432
ssilverman@mdattorney.com
awhite@mdattorney.com

      bsinclair@mdattorney.com
      emurphy@mdattorney.com

*Attorneys for Plaintiffs*

Dated:  December 9, 2019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2019, a copy of the foregoing Request for Production of Documents on Defendant Michael Fries was forwarded via first-class mail and e-mail to:

James H. Fields, Esquire
Fields Peterson, LLC
Harborplace Tower, Suite 1400
111 South Calvert Street
Baltimore, MD 21202
JFields@FieldsPeterson.com

*Attorneys for Defendants, Ryan Guinn, Keith Gladstone, Richard Willard, William Knoerlein and Michael Fries*

Kara K. Lynch, Esquire
Alexa E. (Curley) Ackerman, Esquire
Justin S. Conroy, Esquire
Natalie R. Amato, Esquire
Baltimore City Department of Law
Office of Legal Affairs City Hall, Room 101
100 N. Holliday Street
Baltimore, MD 21202
Kara.lynch@baltimorepolice.org
Alexa.ackerman@baltimorecity.gov
Justin.conroy@baltimorecity.gov
Natalie.amato@baltimorecity.gov

*Attorney for Defendants BPD and Palmere*

Neil E. Duke, Esquire
Baker, Donelson, Bearman, Caldwell & Berkowitz
100 Light Street, 19th Floor
Baltimore, Maryland 21202
nduke@bakerdonelson.com

*Attorney for Defendant Wayne Jenkins*

 

 

 

 

                                                  /s/
                                        Chelsea J. Crawford