**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UMAR BURLEY,** *et al.* | * | |
| **Plaintiffs,** | * | Case No. 1:18-cv-01743-SAG |
| v. | * | |
| **BALTIMORE POLICE DEPARTMENT,** *et al.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' STATEMENT IN SUPPORT OF AWARD OF ATTORNEYS' FEES**

Defendants, Ryan Guinn, Keith Gladstone, Richard Willard, William Knoerlein and Michael Fries (hereinafter collectively "Defendants"), by and through undersigned counsel, and pursuant to this Court's Order dated March 4, 2020 (ECF 89), hereby file this Opposition to Plaintiffs' Statement in Support of Award of Attorneys' Fees (the "Statement"). In support hereof, Defendants state as follows:

### I. INTRODUCTION

Plaintiffs' Statement must be rejected by this Court because, as demonstrated more fully below, the overwhelming majority of the Plaintiffs' asserted fees were neither reasonable nor necessary to, or for, the litigation of the Motion to Compel in this case. More specifically:

(i) Plaintiffs' Statement seeking fees in the amount of $11,137.00 is unreasonable on its face, as a general matter, given the simple, non-novel, non-complex, and wholly procedural, issues undergirding the Motion to Compel; and

(ii) A review of the specific billing line items for the Plaintiffs' attorneys reveals that:

   a. certain line items are wholly unrelated to a discovery dispute between Plaintiffs and Defendants at all;

   b. certain line items, although involving Plaintiffs and Defendants, nevertheless are unrelated to and not a part of the actual litigation of the Motion to Compel;

      c. certain line items are wholly duplicative and redundant of work already performed by another capable Plaintiffs' attorney; and

      d. certain line items are excessive for the task allegedly performed and/or for the amount of time allotted to a particular task by the capable Plaintiffs' attorney.

In sum, the Plaintiffs' petition for attorneys' fees in this case is simply one of classic overkill, and to a significant degree. Consequently, the Court should reject the overwhelming majority of Plaintiffs' asserted fees, and award fees, if any, in an amount not more than $2,500.00.

## II. ARGUMENT

### A. Plaintiffs' Statement of Fees Is Excessive On its Face Given the Nature of the Motion to Compel At Issue

Even a casual review of Plaintiffs' fees submission makes clear that Plaintiffs' Statement of Fees is excessive on its face. Ms. Crawford was and is the presumptive lead attorney on behalf of Plaintiffs with regard to the entirety of this discovery dispute, inasmuch as Ms. Crawford was the primary, and perhaps sole, attorney who communicated with undersigned counsel regarding discovery issues at all times prior to the filing of the Motion to Compel (see Motion to Compel Exhibits thereto), was the attorney who drafted the Motion to Compel and Reply in support thereof, and was the attorney who argued the Motion. Ms. Crawford's Declaration acknowledges her training and impeccable credentials as an attorney, and demonstrates beyond question her own acumen and capabilities with regard to the handling of the instant Motion to Compel, from drafting through oral argument. Indeed, this Court well knows of Ms. Crawford's abilities, given Ms. Crawford's prior service as a Clerk for this Court, and for the Hon. Stephanie Gallagher specifically.

    The nature and factual underpinning of the Motion to Compel at issue was simple and straightforward. In short, Plaintiffs had received no responses to their outstanding discovery

requests. All that needed to be stated in support of the Motion was the fact of the service of extensive discovery requests upon Defendants, the fact of the Defendants' timely failure to respond, and the purported consequence of such failure.

Thus, in resolving whether Plaintiffs' asserted fees, on the whole, are reasonable and necessary, or not, Plaintiffs' submission to the Court gives rise to the following obvious questions, among others:

(i) Why is an attorney (Mr. Freeman) with 34 years at the Bar and who bills at a rate of $625.00/hr. weighing in at all on a virtually uncontested procedural motion to compel?

(ii) Why is a presumptively and self-admitted able and exceptional practitioner (Ms. Crawford) trying to recover fees for time practicing her argument on an internal colleague on a virtually uncontested procedural motion to compel to be heard by a Judge for whom that practitioner served for at least a year as a law clerk?

(iii) Why are additional self-admitted able and exceptional lawyers (Mr. Lalchandani and Mr. Sinclair) trying to recover fees for time spent preparing for and attending a hearing on a virtually uncontested procedural motion to compel for which they played no role and made no arguments?

In view of the above, which is just a sampling of the obvious questions raised by Plaintiffs' submission, the Court is well able to reject Plaintiff's submission, and determine the fairness and reasonableness of the attorneys. In so doing, and in light of the straightforward, non-novel, and non-complex nature of the Motion to Compel before the Court, the Court also is well able to assess a fairness of a reasonable and necessary fee for the litigation of the Motion to Compel, which fee should not exceed $2,500.00 in total.

### B. Certain of Plaintiffs' Specific Billing Line Items Should Be Rejected

Moreover, the vast majority of Plaintiff's specific billing line items should be rejected as being duplicative, unnecessary, irrelevant to the litigation of the Motion to Compel and excessive for the task completed or the time in which it was completed, and, therefore,

unreasonable, unnecessary, and unrecoverable. Specifically, the following line items should be rejected by the Court:

(i) all line items bearing a date prior to 2/3/20, inasmuch as that is the date on which the Motion to Compel was filed;

(ii) all line items by attorney Andrew Freeman, as they are unnecessary and duplicative;

(iii) all line items by attorney William Sinclair, as they are unnecessary and duplicative; and

(iv) all lines items by attorney Chelsea Crawford, save for approx. 6 hours at her asserted billable rate of $390.00/hr. for preparation of the Motion to Compel and Reply in support thereof, and oral argument regarding same.

### III.  CONCLUSION

For all of the reasons set forth herein, Defendants respectfully request that an award of attorneys fees to the Plaintiffs, if any, not exceed the sum of $2,500.00 in total.

Respectfully submitted,

_____/s/_____
James H. Fields (Bar No. 09661)
Fields Peterson, LLC
Harborplace Tower, Suite 1400
111 South Calvert Street,
Baltimore, MD 21202
Telephone: (410) 783-6347
Facsimile: (410) 783-6410
*JFields@FieldsPeterson.com*
*Attorneys for Defendants, Ryan Guinn, Keith Gladstone, Richard Willard, William Knoerlein and Michael Fries*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March, 2020, a copy of the foregoing Defendants' Opposition to Plaintiffs' Statement in Support of Award of Attorneys' Fees was served upon all parties of record via the Court's electronic filing system.

<pre>                              /s/                  
                        James H. Fields</pre>