**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UMAR BURLEY,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Case No.: SAG-18-1743 |
| | * | |
| **BALTIMORE POLICE DEPARTMENT** *et al.*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the Court is the Request for Attorneys' Fees filed by Plaintiffs Umar Hassan Burley and Brent Andre Matthews (collectively "Plaintiffs"), ECF 95, in response to an Order issued by this Court on March 4, 2020, ECF 89. Defendants Ryan Guinn, Keith Gladstone, Richard Willard, William Knoerlein, and Michael Fries (collectively "the Officer Defendants")[1] filed an opposition as directed. ECF 96. Plaintiffs filed a Reply. ECF 97. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiffs' request will be granted in part and denied in part.

As background, on February 3, 2020, Plaintiffs filed a Motion to Compel and for Sanctions, seeking (1) an order compelling discovery responses that had not been forthcoming from the Officer Defendants, (2) waiver of any objections to those discovery requests, and (3) an unspecified award of monetary sanctions, including attorneys' fees. ECF 82. When the Officer Defendants did not timely respond to the motion, this Court scheduled a hearing. ECF 83.

---

[1] While other former Baltimore Police Department officers are named as Defendants in this lawsuit, they are not involved in the instant motion and are not part of "the Officer Defendants" as used herein.

Subsequently, the Officer Defendants filed a belated opposition, ECF 85, and Plaintiffs filed a reply, ECF 88. In their Reply, Plaintiffs sought the new sanction of "precluding Defendants from contesting liability as to Plaintiffs' claims." ECF 88, ¶ 9, along with reiterating their request for an award of fees, this time stating that Plaintiffs had expended "43.2 hours and $14,560.50 in fees related to propounding discovery to Defendants and the filing of Plaintiffs' Motion to Compel," *id.* ¶ 16. Following the hearing, this Court entered an order granting Plaintiffs' motion to compel, but denying their request for judgment on liability. ECF 89 at 1. The Court did not impose any other substantive sanction, as long as the Officer Defendants timely complied with the Court's Order to produce the requested discovery.[2] *Id.* The Court further ordered that reasonable attorneys' fees would be awarded to Plaintiffs for filing and litigating the motion to compel, but made clear that fees would not be awarded for time spent propounding the discovery requests. *Id.* at 1-2. The Court directed Plaintiffs to provide an itemized billing statement, and allowed time for the Officer Defendants to oppose the amount requested. *Id.*

In response, Plaintiffs submitted a request and itemized billing statements, asking for a total of $11,137.00 in attorneys' fees. ECF 95. The Officer Defendants filed an opposition, contending that the amount requested is not reasonable for the work performed in connection with the motion. ECF 96. This Court agrees generally with the Officer Defendants' view.

To calculate an appropriate award of attorneys' fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). A trial court may exercise its

---

[2] Plaintiffs have not notified the Court that the Officer Defendants failed to produce the required discovery on or before March 11, 2020. Because several weeks have now elapsed, the Court presumes that the Officer Defendants complied with the Order compelling discovery.

discretion in determining the lodestar amount because it possesses "superior understanding of the litigation," and the matter is "essentially" factual. *Thompson v. HUD*, No. MJG–95–309, 2002 WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078-79 (4th Cir. 1986)). Once the lodestar amount has been determined, the Court determines whether or not it constitutes a reasonable fee, and makes any necessary adjustments. *See Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 629 (4th Cir. 1995). In evaluating both the lodestar calculations and the overall reasonable fee, this Court uses "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson*, 2002 WL 31777631, at *6 (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at *6 n.19 (citing *Johnson*, 488 F.2d at 717-19). As other courts have noted, many of the twelve *Johnson* factors are inapposite in connection with a sanctions award for a discovery dispute. *See, e.g.*, *SunTrust Bank v. Nik*, Civil No. 11cv343, 2012 WL 1344390, at *3-4 (E.D. Va. Mar. 22, 2012); *Beyond Sys., Inc. v. World Avenue USA, LLC*, 2011 WL 2038545 at *1-2 (D. Md. May 24, 2011). In this case, the most relevant *Johnson* factors are the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys. Those factors are addressed in the analysis below.

Beginning with an assessment of the time and labor expended, for purposes of calculating the lodestar, this Court notes that, for many years, Appendix B to its Local Rules has detailed best practices for attorneys seeking fee awards from the Court.  Plaintiffs' counsel in this case are experienced practitioners who have litigated many cases before this Court, and at least the more senior attorneys on the case certainly have had opportunities to file requests for attorneys' fees to be paid by opposing parties and/or counsel.  *See, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000) (analyzing a fee request, for a discovery dispute, on behalf of Mr. Freeman in accordance with the Guidelines of Appendix B of the Local Rules). Nevertheless, the fee request submitted by Plaintiffs' counsel in this case violates several of the important guidelines outlined in Appendix B.

First, Guideline 2(c) in Appendix B states, "Only one lawyer for each party shall be compensated for attending hearings."  The billing statements in this case request compensation for the time expended by three attorneys, although only one actively participated on the record at the hearing.  ECF 95-2 at 4; ECF 95-3 at 2.  In addition, the three attorneys who attended the same hearing (and, presumably, the same joint preparation session) billed three different amounts of hours for their participation.  Mr. Lalchandani billed 1.2 hours (with another 0.1 for reviewing this Court's order after the hearing), Ms. Crawford billed 1.8 hours, and Mr. Sinclair, whose office is located just marginally further from the Courthouse, billed 2.4 hours.  In making the appropriate reductions to the bill, the Court adopts the middle ground, and permits Plaintiffs to bill 1.8 hours at the highest billing rate, that of Mr. Sinclair.

Second, Guideline 2(d) states, "Generally, only one lawyer is to be compensated for client, third party, and intra-office conferences, although if only one lawyer is being compensated the time may be charged at the rate of the more senior lawyer."  The billing

statements in this case are rife with instances of intra-office conferences, moot courts, hearing preparation, and the like, billed by multiple attorneys. For example, the vast majority of Mr. Lalchandani's billing entries, with the exception of a small number of instances in which he reviewed and edited filings, involved conferring with, meeting with, or emailing with Ms. Crawford or other attorneys. *See* ECF 95-2 at 2-5. Because, as the most junior attorney on the case, his rate is always the lowest in those intra-office conferences, his total hours billed will be dramatically reduced. No doubt, the time and attention Plaintiffs' counsel are putting into this matter are contributing to the high quality of the lawyering to date. Nonetheless, it is simply unfair to permit unfettered billing by multiple attorneys, conferring regularly about various issues, to be billed to an opponent. *See, e.g.*, *Trimper v. City of Norfolk,* 58 F.3d 68, 76-77 (4th Cir. 1995) ("Properly reducing allowable hours because of overstaffing of attorneys is not an abuse of discretion."). Guideline 2(d) aptly reflects that principle, and this case presents no reason to deviate from it. The Court will therefore only permit billing for intra-office conferences, and other consultation activities, by the most senior attorney involved.

In addition to making changes to comply with the guidelines noted above, which result in drastic cuts to the requested hours billed, some additional reductions to the billing entries are warranted. First, all of the billing entries dated before the motion to compel was drafted on February 1, 2020, are disallowed. The party prevailing on a motion to compel may only recover the "reasonable expenses incurred *in making the motion*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In no reasoned sense are correspondences regarding an extension of time to respond to discovery requests, for example, caused by Plaintiffs' later need to file a motion to compel the Officer Defendants' responses.

Second, several billing entries made reference to a "supplemental motion for sanctions" or a "supplement to motion to compel." *See, e.g.*, ECF 95-2 at 3 (billing entries on 2/26/2020 and 3/2/2020). No such supplemental motion was filed, although Plaintiffs' eventual reply in support of its motion to compel requested supplemental relief in the form of a judgment on liability, which was denied. ECF 88. Because the relief was not granted, any billing entries related to that requested relief, or the drafting or consideration of a supplemental motion, are not recoverable. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."). Further, because the majority of the reply was devoted to the supplemental relief that was denied, the Court will apportion the reasonable expenses by reducing the billing entries relating to the drafting and editing of the reply by roughly two-thirds.

Third, there were some billing entries, around the time of the reply, referring to editing a "spreadsheet of fees" or "fees spreadsheet." *See* ECF 95-2 (billing entries on 3/3/2020). No such spreadsheet was filed, and the reply contained a cursory request for more than $14,000 in fees for 43.2 hours of work, supported only by a declaration. ECF 88; ECF 88-1 ¶ 3. Thus, those billing entries will be stricken.

Fourth, counsel seek reimbursement for numerous billing entries relating to the actual production of documents by opposing counsel, which occurred after the Court's hearing on Plaintiffs' Motion. *See, e.g.,* ECF 95-2 at 4-5 (billing entries from 3/9/2020, 3/10/2020, and 3/11/2020). Again, payment of only "the movant's reasonable expenses incurred in *making the motion*, including attorney's fees" is appropriate. Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). That provision does not entitle Plaintiffs to collect fees for engaging in the ensuing discovery.

Finally, the hours devoted to the preparation and review of fee petition will also be reduced by two-thirds. The 5.5 total hours claimed for drafting and editing the brief petition for attorneys' fees (primarily consisting of the attorneys' professional biographies) appear to be facially excessive, given that fee petitions involve no intricate issues of law, and require little legal skill to effectively craft. Moreover, as described above, the petition failed, in many respects, to comport with this Court's guidelines. In the Court's view, much less time and labor would have been expended had Plaintiffs' counsel limited their claimed fees to only those permitted by the Federal Rules of Civil Procedure, and this Court's Local Rules, justifying a two-thirds reduction.

The next two lodestar factors, the novelty and difficulty of the questions raised, and the skill required to properly perform the legal services rendered, can be addressed together. This discovery motion presented an extremely straightforward set of facts: discovery responses were propounded, and no replies were received. The motion itself was only three pages long. *See* ECF 82. It cited the relevant Local Rule, and one Federal Rule of Civil Procedure, but contained no case citations or other evidence of legal research. *Id.* An attached declaration from counsel essentially listed the exhibits, which consisted of the ten sets of discovery requests served on the five Officer Defendants, plus two exhibits containing emails between counsel. ECF 82-1 through 82-13. After the Officer Defendants filed their opposition, Plaintiffs' counsel submitted a five-page reply, which largely focused on arguing for the sanction of judgment in their favor on liability, which this Court declined to impose. ECF 88. Thus, the questions raised by the motion to compel itself were neither novel nor difficult, and no particular skill was required to properly perform the legal services rendered. This Court would have required the Officer Defendants to serve appropriate responses to Plaintiffs' discovery requests regardless of the content of the

7

parties' submissions, because civil litigation cannot proceed if one party fails to participate in the discovery process.

Turning to the final relevant *Johnson* factor, the expertise, reputation, and ability of the attorneys, clearly, the attorneys in this case have impeccable credentials, to include graduation from top law schools, extensive and relevant experience, and prestigious judicial clerkships. *See* ECF 95-1. However, the hourly rates charged by three of the four attorneys in this case significantly exceed the presumptively reasonable ranges set forth in the Guidelines in Appendix B of the Local Rules. Specifically, Mr. Lalchandani, who has just under five years of legal experience, falls on the basis of his experience within the Guidelines range of $150-225 per hour. Ms. Crawford, with seven years of experience, is included within the range of those with five to eight years of legal experience, at $165-300 per hour. Mr. Sinclair, with eighteen years of experience, is within the range of $275-425 per hour. The rate requested for Mr. Sinclair's services ($425), then, is at the high end of the presumptively reasonable range. For Mr. Freeman, with his more than twenty years of experience, the Guidelines recommend the range of $300-475 per hour. The requested rates for Mr. Lalchandani ($360), Ms. Crawford ($390), and Mr. Freeman ($625) are well outside the presumptively reasonable ranges for their years of experience.

As justification, counsel's declaration states that the hourly rates "are the regular rates that [the law firms] charge [their] fee paying clients for litigation in Maryland." ECF 95-1, ¶ 9. That fact alone does not persuade the Court that the significant deviation from the presumptively reasonable ranges would be warranted, and does not meet the standard required by the Fourth Circuit. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) ("In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market

rates in the relevant community for the type of work for which he seeks an award.") (citation and internal quotations omitted). Accordingly, in calculating the lodestar, the Court will reduce the requested rates to the reasonable hourly rates of $225 for Mr. Lalchandani, $275 for Ms. Crawford, and $475 for Mr. Freeman, and will leave Mr. Sinclair's rate at the $425 that he requested, since it is within the applicable Guideline range.

With all of the revisions to the billing statements described above, the Court's lodestar analysis results in the following calculation:

| | | | | | |
|---|---|---|---|---|---|
| Mr. Lalchandani | $225 | x | 0.5 | = | $112.50 |
| Ms. Crawford | $275 | x | 5.7 | = | $1567.50 |
| Mr. Sinclair | $425 | x | 3.0 | = | $1275.00 |
| Mr. Freeman | $475 | x | 0.9 | = | $427.50 |

That calculation results in an adjusted lodestar amount of $3,382.50. Reviewing the *Johnson* factors pertinent to this assessment of attorneys' fees in a discovery dispute, this Court finds that total fee to be reasonable for the litigation of an uncomplicated motion to compel discovery. The Officer Defendants do not suggest that any of the enumerated exceptions in Fed. R. Civ P. 37(a)(5) would render an award of fees inappropriate. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) (prohibiting an award where the movant failed to attempt to obtain the discovery without court action, where the opposing party's failure to respond was substantially justified, or where other circumstances make an award of expenses unjust). Their sole objection was to the amount requested, which has been addressed fully herein. *See* ECF 96.

Accordingly, fees will be awarded in the total amount of $3,382.50. A separate implementing Order follows.

Dated: April 27, 2020 　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge