**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| UMAR H. BURLEY, *et al.* | * | |
| Plaintiffs, | * | |
| v. | | Civil Action No. 1:18-cv-01743-SAG |
| | * | |
| BALTIMORE CITY POLICE DEPARTMENT, *et al.* | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PARTIES' JOINT STATUS REPORT**

Defendants and Plaintiff (the "Parties"), by and through their undersigned counsel and, pursuant to this Court's April 15, 2020 Order approving the Parties' proposed amendments to this Court's initial Scheduling Order ("Amended Scheduling Order"), hereby submit the following *Parties' Joint Status Report*:

1. On April 15, 2020 this Court issued the Amended Scheduling Order, approving the Parties' Joint Motion to Modify this Court's Scheduling Order. *See* ECF Doc. No. 98.

2. The Amended Scheduling Order requires that the Parties file a status report on or before August 20, 2020, the close of fact discovery. *See* ECF Doc. No. 99.

**A.     Discovery**

**i.     Fact Discovery**

3. Over the last three months, Plaintiffs have taken seven depositions. Plaintiffs deposed the following individuals: Defendants Ryan Guinn, Keith Gladstone, Michael Fries, William Knoerlein, Richard Willard, and Dean Palmere.

4. Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs also noted the deposition of corporate designee(s) of the Baltimore City Police Department ("BPD"). On July 23, 2020, and August 13, 2020, Plaintiffs deposed three representatives of the BPD; however, several matters for examination included on Plaintiffs' Notice of Deposition remain outstanding. The BPD representative most knowledgeable on the remaining topics is not available until August, 24, 2020, after the close of discovery. The parties have agreed to proceed with a deposition after that date and to hold open Plaintiffs' right to contest the adequacy of the testimony of BPD's corporate designee testimony, without seeking to modify the scheduling order.

5. On August 4, 2020, the individual Defendants asked to depose Plaintiffs. The first available dates for all parties and counsel are September 2, 2020, and September 3, 2020, and the parties have agreed to proceed with those depositions on those dates without seeking to modify the scheduling order.

6. All party discovery in this case has been completed. However, on August 20, 2020—the deadline for fact discovery—Defendant Jenkins issued third-party subpoenas and Touhy requests to the Department of Justice, Baltimore City State's Attorney's Office, and the Federal Bureau of Investigation. In each subpoena, Defendant Jenkins has requested a return date of September 2, 2020, approximately two weeks beyond the close of fact discovery. Plaintiffs contend that Defendant Jenkins's subpoenas are untimely and improper pursuant to this Court's Scheduling Order, which provides that "all discovery requests must be served in time to assure that they are answered before the discovery deadline." See ECF No. 58. Plaintiffs reserve the right to move to quash these belated subpoenas.

7. Defendant Jenkins notes that these issues have not yet been discussed by counsel. Notably, discovery has not closed, and Rule 45 authority is still vested with the parties. Furthermore, a look at the local rule related to the provision of the scheduling order referenced by counsel does not apply to Rule 45 Subpoenas. (See L.R. 104.2).  Additionally, this is not the close of discovery, it is the close of the fact discovery phase of discovery, meaning there is no prejudice or delay to the parties, who have additional discovery to proceed with.   On a related note, Defendant Jenkins has other Rule 45 Subpoenas issued that have not yet been responded to by third Parties.

8. On January 2, 2019, Plaintiffs requested documents from the Bureau of Prisons ("BOP") related to Plaintiff Umar Burley. Responsive documents were received by counsel for Plaintiff on August 18, 2020. Though the documents are responsive to Defendants' discovery requests, the BOP also enclosed a letter prohibiting the disclosure of the documents due to the sensitivity of the information and safety concerns. Counsel for the Plaintiffs are investigating steps that can be taken for the disclosure of the documents.

9. Defendants note that there are on-going issues with claims of privilege over certain documents withheld by Plaintiffs from production.  These documents surround their knowledge and advice of their counsel before they claim they falsely pled guilty, and allocuted to certain offenses under oath, in state and federal courts.  Despite initial claims of privilege, Plaintiffs have made one supplement and issued a corrected privilege log, and those discussions remain on going. Defendants reserve all rights to take appropriate discovery steps for all documents that are

3

eventually disclosed once Plaintiffs' claims of privilege are resolved, or to seek court relief for such production.

10. The Joint Defendants received responses to their discovery today, and have not had a chance to review the responses or the documents provided. At initial glance, there are likely deficiencies in the responses and the potential need to follow up on discovery activity related to the responses. The Joint Defendants reserve all rights to timely follow up on these responses.

11. The Deadline for serving Requests for Admission is August 27, 2020.

### ii.     Expert Discovery

12. Plaintiffs' Rule 26(a)(2) disclosures are due on September 10, 2020, with rebuttal disclosures due on October 29, 2020. Defendants' Rule 26(a)(2) disclosures are due on October 8, 2020. Expert discovery closes on November 26, 2020.

### B.     Pending Motions

13. Currently pending is Plaintiffs' Motion for Partial Summary Judgment on Liability as to Defendant Wayne Jenkins [ECF No. 110]. Pursuant to this Court's Paperless Order on August 6, 2020 [ECF No. 113], Defendant Jenkins' Response is due on or before September 9, 2020. Defendant Jenkins anticipates filing a cross-motion for Partial Summary Judgment as well and may need additional time to complete that process (under Local Rule 105.2.c, those motions are supposed to be filed on an agreed-to schedule by the parties). As Plaintiffs have filed the instant

4

motion before the close of discovery or the filing of this status report, Defendant Jenkin's counsel will coordinate with Plaintiffs' counsel regarding the proposed joint briefing schedule.

14. There are no other outstanding motions.

### C.  Dispositive Pretrial Motions

15.  This matter has been bifurcated; as to the non-Monell matters to be tried first, Plaintiffs at this time do not anticipate filing any other dispositive pretrial motions.

16.  As noted above, Defendants anticipate filing partial motions for summary judgement.

### D.  Trial

17.  It is Plaintiffs' position that, if they succeed on their pending Motion for Partial Summary Judgment on Liability as to Mr. Jenkins, that will satisfy liability for Phase I of this matter, and there will be a need only for a damages hearing, which Plaintiffs would anticipate will take two days, before proceeding to the Monell phase.

18.  Defendants believe that the phased approach makes sense, and if Plaintiff's do not succeed on their Partial Motion for Summary Judgment, the Court should do a Phase I -Liability Only trial to see if a damages hearing will be necessary.

### E.  Settlement Negotiations

19. The parties have engaged in preliminary settlement negotiations.

SRG01 4820-7899-0024v.1
5035840.101449

4820-7899-0024v4
5035840-101449 08/20/2020

F.     **Settlement/ADR Conference**

20. Magistrate Judge Boardman is mediating other cases arising from alleged wrongdoing by the GTTF, and she has raised the possibility of mediating this matter too. The Parties have all indicated their willingness to participate in such a mediation.

G.     **Unanimous Consent to Proceed before a United States Magistrate Judge**

21. Unanimous consent does not exist for this matter to proceed before a United States Magistrate Judge.

H.     **Other Matters**

22. There are no other matters that the parties believe should be brought to this Court's attention at this time.

Respectfully submitted,

| | |
|---|---|
| Steven D. Silverman, Esquire<br>Andrew C. White, Esquire<br>William N. Sinclair, Esquire<br>Erin Murphy, Esquire<br>Silverman \| Thompson \| Slutkin \| White, LLC<br>201 N. Charles Street, Suite 2600<br>Maryland 21201<br>ssilverman@silvermanthompson.com<br>awhite@silvermanthompson.com<br>bsinclair@silvermanthompson.com<br>emurphy@silvermanthompson.com<br>*for Plaitniffs Umar Hassan Burley and Brent Andre Matthews* | Kara K. Lynch, Esquire<br>Justin S. Conroy, Esquire<br>Christopher Lundy, Esquire<br>Baltimore City Department of Law<br>Office of Legal Affairs<br>100 N. Holiday Street, Room 101Baltimore,<br>Baltimore, Maryland 21202<br>kara.lynch@baltimorepolice.org<br>justin.conroy@baltimorepolice.gov<br>Natalie.amato@baltimorecity.gov<br>*Attorneys for Defendants BPD and Attorneys Palmere* |

SRG01 4820-7899-0024v.1
5035840.101449

4820-7899-0024v4
5035840-101449 08/20/2020

| | |
|---|---|
| Andrew D. Freeman, Esquire<br>Chelsea J. Crawford, Esquire<br>Neel K. Lalchandani, Esquire<br>Brown, Goldstein & Levy, LLP<br>120 E. Baltimore Street, Suite 1700<br>Baltimore, Maryland 21201<br>adf@browngold.com<br>ccrawford@browngold.com<br>nlalchandani@browngold.com<br>*Attorneys for Plaintiffs Umar Hassan Burley and Brent Andre Matthews* | James H. Fields, Esquire<br>FIELDS PETERSON, LLC<br>Attorney & Counselors At Law<br>Harborplace Tower<br>111 South Calvert Street, Suite 1400<br>Baltimore, Maryland 21202<br>jfields@fieldspeterson.com<br>*Attorneys for Defendants Ryan Guinn, Keith Gladstone, Ryan Guinn, Richard Willard, and Michael Fries* |

_____*/s/*_____
Thomas H. Barnard, Federal Bar No. 27488
Stuart R. Goldberg, Federal Bar No. 21236
BAKER, DONELSON, BEARMAN,
 CALDWELL, & BERKOWITZ, P.C.
A Professional Corporation
100 Light Street, 19th Floor
Baltimore, MD  21202
410-862-1339 (telephone)
443-547-0699 (fax)
tbarnard@bakerdonelson.com
sgoldberg@bakerdonelson.com
*Attorneys for Defendant Wayne Jenkins*

c

7

SRG01 4820-7899-0024v.1
5035840.101449


4820-7899-0024v4
5035840-101449 08/20/2020

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of August, 2020, a copy of the foregoing *Parties' Joint Status Report*, was served, electronically, via this Court's CM/ECF, e-filing system, on all counsel of record.

                                                       */s/*
                                   Thomas H. Barnard, Fed. Bar No. 27488

SRG01 4820-7899-0024v.1
5035840.101449

4820-7899-0024v4
5035840-101449 08/20/2020